UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALAN SHAWN FEINSTEIN,<br><br>THE ALAN SHAWN FEINSTEIN FOUNDATION,<br><br>THE FEINSTEIN FOUNDATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>J. LARRY BROWN<br><br>Defendants. | CIVIL ACTION No. 03-0436/S<br><br>**AFFIDAVIT OF DAVID A. KLUFT** |

I, David A. Kluft depose and say as follows:

1. I am an attorney-at-law, licensed to practice in the courts of the Commonwealth of Massachusetts. I am an associate at Foley Hoag, LLP and work on the above-captioned matter in association with John Henn and Brooks Magratten. From 1986 through 1991, I resided in Providence, Rhode Island.

2. I personally prepared the attached **Exhibits A, B and C**. **Exhibit A** is a map of downtown Providence marked with the approximate locations of structures within a five mile radius of the court house that bear Mr. Feinstein's name. **Exhibit B** is a series of photographs of some of these structures. **Exhibit C** is a non-exclusive list of Rhode Island institutions bearing Mr. Feinstein's name.

3. In order to prepare these exhibits, I first reviewed the parties' pleadings and depositions, particularly portions of Mr. Feinstein's deposition testimony (a true and accurate copy of which is attached hereto as **Exhibit D)** from which I gathered a list of institutions ("List") in Rhode Island named for Alan Shawn Feinstein or for members of his immediate family. I supplemented the List with information from the Feinstein Foundation's web page, additional information from Mr. Magratten, and my own internet-based searches. Using "mapquest.com," I determined which items on the List are within five miles of One Exchange Terrace, the address of the building in which this Court sits.

4. On Saturday, December 3, 2005, I traveled to Providence in order to take digital photographs of the institutions on the List which are within five miles of One Exchange Terrace. I spent about five hours in the city and located approximately forty separate instances of the Feinstein name prominently displayed on signs, schools, bus shelters, theatres, colleges and elsewhere. I took approximately seventy photographs using a Canon Power Shot A95 digital camera.

5. In addition to the items that had already been on my list, while in Providence I came across additional signs, buildings, bus shelter posters and institutions displaying the Feinstein name in a manner sufficiently prominent that I noticed them even though I was not looking for them.

6. There were some things I tried to photograph but could not. For instance, some signs bearing the Feinstein name are only visible from the highway, and acquiring an image of them would have been too dangerous. In addition, I am not particularly familiar with certain parts of Providence and there were three items on my list which I was unable to locate given my time constraints.

7. After returning to my office, I downloaded the digital photographs from my camera to my computer. I then created **Exhibits A, B and C** on the computer.

8. To create **Exhibit A,** I downloaded a map of Downtown Providence from this Court's web page, which covers approximately two square miles of downtown Providence. I then superimposed the general location of the institutions on my list supplemented by the additional institutions I happened upon during my trip to Providence. All of these institutions are within five miles of the courthouse, according to Mapquest.com. I included small cropped versions of some of the photographs I had taken. Although these photographs have been downsized and cropped to eliminate material not pertinent to this motion, I did not alter their substance in any way and they are true and accurate representations of the photographs I took.

9. I then created **Exhibit B**. Exhibit B is a Power Point presentation of photographs selected from among those I took in Providence. I organized the selected photographs into categories and described those categories with text on each page. Where appropriate, I also recorded the street address or location where I took the photograph. Although most of these photographs have been downsized to fit on the pages, and some have been cropped to demonstrate the matter pertinent to this motion, I did not alter their substance in any way and they are true and accurate representations of the photographs I took.

10. I then created **Exhibit C**, which is a combination of my original List, supplemented by additional items I discovered during my trip to Providence. I also added a note to this exhibit describing further publicly-known programs named for Feinstein which I discovered during my initial research.

11. I also searched the internet for public discussions relating to or referring to Feinstein naming rights. I found several examples in "blogs" and in the on-line archives of the Providence Journal and Providence Phoenix, some of which are cited in Defendant's memorandum. I also

reviewed the documents produced by the Hope Alzheimer's Center, formerly the Louis Feinstein Alzheimer's Center, in response to Defendant's subpoena. Attached as **Exhibit E** is a true and accurate copy of a document produced by the Hope Alzheimer's Center and bates stamped as "AC 246," announcing the Alzheimer's Center's name change, and a Providence Journal Article on the same subject entitled "Feinstein Name Proves too Good for Alzheimer's Center." I downloaded the article from Lexis on January 12, 2005.

I declare under the penalty of perjury that the foregoing statement is true and correct.

Dated: May 18, 2006

David A. Kluft